NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0033n.06

No. 08-3869

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jan 21, 2010**
LEONARD GREEN, Clerk

GALINA A. MAKSIMOVA,

     Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

     Respondent.

On appeal from the Board of
Immigration Appeals

_____/

BEFORE:    RYAN, COOK, and WHITE, Circuit Judges.

     RYAN, Circuit Judge.    The petitioner, Galina A. Maksimova, a former resident of Estonia, seeks review of a Board of Immigration Appeals (BIA) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). For the reasons below, we will deny Maksimova's petition for review.

**I.**

     Maksimova was admitted to the United States from Estonia as a non-immigrant visitor on or about February 8, 2002. On February 10, 2003, Maksimova filed an application for asylum, withholding of removal, and protection under CAT. After an asylum officer declined to grant Maksimova's application, the matter was referred to an immigration judge (IJ).

In September 2006, the IJ held an evidentiary hearing at which Maksimova testified that she is a Jewish woman who was born in Estonia when it was still a part of the Soviet Union. She testified that she was not a citizen of any country, and in particular, not of Estonia, because she did not speak Estonian and her parents were from Russia; nor was she a citizen of Russia, because she was not living in Russia when the Soviet Union dissolved. Maksimova testified about various instances in which she was allegedly hurt and discriminated against due to her Jewish ethnicity. Maksimova conceded that her mother, father, sister, and nephew continue to live in Estonia, but alleged that she would suffer additional persecution if she returned. In support of her application, Maksimova submitted reports which recounted anti-Semitic incidents in Estonia.

After considering all the evidence and testimony presented at the hearing, the IJ denied Maksimova's application for asylum, withholding of removal, and protection under CAT. The IJ first found that Maksimova was not a credible witness and that she had failed to meet her initial burden of proof of demonstrating that she had a well-founded fear of future persecution. The IJ then ruled, based on certain State Department reports, that even if Maksimova were credible and had offered evidence of past persecution, the government had rebutted the presumption of a well-founded fear of future persecution because of changed conditions in Estonia. The IJ also observed that Maksimova's Jewish family appeared to be living in Estonia without any problems. Consequently, the IJ denied Maksimova's application.

On October 18, 2006, Maksimova filed a timely notice of appeal to the BIA. On June 16, 2008, the BIA issued an opinion dismissing the appeal. In its decision, the BIA disagreed with the IJ's assessment of Maksimova's lack of credibility. The BIA ruled,

however, that even if Maksimova were credible and had suffered past persecution, the IJ was correct to conclude that the record did not support a well-founded fear of future persecution because of the changed conditions in Estonia. Accordingly, the BIA determined that the IJ had not erred in denying Maksimova's application for asylum and withholding of removal. The BIA also noted that Maksimova had abandoned her claim for protection under CAT. Maksimova then filed a petition for review with this court.

## II.

This court reviews the BIA's legal determinations de novo and we will uphold the factual findings of the BIA "as long as they are supported by reasonable, substantial, and probative evidence on the record considered as a whole." Mostafa v. Ashcroft, 395 F.3d 622, 624 (6th Cir. 2005) (internal quotation marks and citations omitted). This court may not reverse the BIA simply because we would have decided the case differently. Abay v. Ashcroft, 368 F.3d 634, 637 (6th Cir. 2004).

## III.

### A. Maksimova's Asylum Claim

In order to qualify for asylum, an applicant must establish "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion" if he were to return to his country of origin. 8 U.S.C. § 1101(a)(42)(A). An applicant for asylum bears the burden of establishing that he qualifies for asylum. Mikhailevitch v. INS, 146 F.3d 384, 389 (6th Cir. 1998). A well-founded fear of persecution "must be both subjectively genuine and objectively reasonable." Id. An applicant who establishes past persecution is "presumed to have a well-founded fear of

persecution on the basis of the original claim." 8 C.F.R. § 1208.13(b)(1). The government, however, can rebut that presumption by showing, by a preponderance of the evidence, that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution . . . ." 8 C.F.R. § 1208.13(b)(1)(i)(A).

After a review of the record, we find no basis to reverse the BIA's conclusion that Maksimova is not entitled to asylum, because even assuming that Maksimova's testimony of past persecution was credible, her claimed fear of future persecution was not objectively reasonable, due to the changed country conditions in Estonia. The State Department reports presented by the government indicated, among other things, that: (1) the Estonian government was supporting anti-discrimination education; (2) there were no recent incidents of anti-Semitism; (3) the Estonian government annually observed a Holocaust Remembrance day; and (4) the Estonian government and legal system recognized the free practice of religion. This is substantial evidence demonstrating a fundamental change in Estonia's conditions, thereby making a fear of persecution not objectively reasonable.

Maksimova argues that the BIA improperly relied solely upon these State Department reports and neglected to consider evidence presented by Maksimova in rebuttal. Her argument is not persuasive. Contrary to Maksimova's contention, the BIA did consider the evidence presented by Maksimova, such as news articles recounting certain anti-Semitic incidents. The BIA found, however, that the preponderance of the evidence indicated a fundamental change in circumstances in Estonia. The BIA noted that Maksimova's family continued to live in Estonia, apparently unharmed. Based on this record, we conclude that there is substantial evidence supporting the BIA's determination that Maksimova did not have a well-founded fear of persecution.

Maksimova also alleges persecution on account of her Russian nationality. As the BIA correctly noted, there is no evidence in the record of any persecution of Russians in Estonia based upon nationality. Maksimova is not entitled to asylum on this ground.

Maksimova claims that she is "stateless" because she is not a citizen of any country. Statelessness, however, does not entitle an applicant to asylum. A stateless applicant must show the same well-founded fear of persecution as an applicant with a nationality. See 8 U.S.C. § 1101(a)(42)(A); Faddoul v. INS, 37 F.3d 185, 190 (5th Cir. 1994). Maksimova has failed to show a well-founded fear of persecution and therefore is not entitled to asylum on this ground.

## B. Maksimova's Withholding of Removal Claim

Maksimova is also pursuing a claim for withholding of removal. In order to establish an entitlement to withholding of removal, an applicant must carry the higher burden of a "clear probability" of persecution. Pilica v. Ashcroft, 388 F.3d 941, 951 (6th Cir. 2004). Maksimova has not made that showing. Since she is unable to show a well-founded fear of persecution, she cannot meet the higher "clear probability" standard. Id. at 955. Maksimova is therefore not entitled to withholding of removal.

## IV.

For the foregoing reasons, we **DENY** Maksimova's petition for review.